IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| CAMILLA THOMPSON, ROB BURTON, & ALICE SPEAKE, | }<br>}<br>} |
| Plaintiffs, | } CASE NO. |
| vs. | } 2:23-cv-01294-MHH |
| CITY OF BIRMINGHAM, ALICE WILLIAMS, JIMMIE COLEMAN, & WILLIAM HARDEN, | }<br>}<br>}<br>} |
| Defendants. | } |

**ALICE WILLIAMS' MOTION TO DISMISS PURSUANT TO RULE 12(b)(6) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

**COMES NOW** Alice Williams ("Mrs. Williams"), by and through her attorneys of record, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and hereby moves this Honorable Court to enter an order dismissing the Plaintiffs' Complaint against her. In support of her motion, Mrs. Williams states the following:

**A. Standard of Review**

Dismissal of an action under Rule 12(b)(6) of the Federal Rules of Civil Procedure is appropriate when a plaintiff's complaint fails to allege sufficient facts "to raise a right to relief above the speculative level' or fails to 'state a claim to relief that is plausible on its face." *Jacob v. Mentor Worldwide, LLC*, 40 F.4th 1329, 1336

(11th Cir. 2022) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)). For a claim to be plausible on its face, the complaint must contain enough facts that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 677 (2009). When considering a motion to dismiss for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(b)(6), a court will take all facts contained in a Complaint to be true and will view those facts in the light most favorable to the non-moving party. *See Resnick v. AvMed, Inc.*, 693 F.3d 1317, 1321–22 (11th Cir. 2012).

Federal Rule of Civil Procedure 8(a)(2) requires that a Complaint contain a "short plain statement of the claim showing that the pleader is entitled to relief." The Complaint must, "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *See Ashcroft*, 556 U.S. at 678 (internal quotations and citation omitted). Although this threshold is not a particularly demanding one, it does call for more than mere legal conclusions, bald assertions of fact, and/or rote recitations of the elements of a given cause of action. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555–557 (2007). This is to say that a claimant must state a plausible – as opposed to simply a possible – basis for a court to conclude that the claimant is entitled to the relief sought. *See Ashcroft*, 556 U.S. at 678.

**B. Claims against Municipal Officials in their Official Capacity are Duplicative**

The Plaintiffs has asserted multiple claims against Mrs. Williams in her official capacity. (Doc. 1). Claims asserted against a municipal official in their official capacity are the functional equivalent of suits against a municipality itself. *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991); *see also Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "a suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office" that is "no different from a suit against the State itself."); *Kentucky v. Graham*, 473 U.S. 159, 166 (1985) (holding that "an official-capacity suit is…to be treated as a suit against the entity.").

In *Busby v. City of Orlando*, a plaintiff alleged violations of her civil rights and freedom of speech after the City of Orlando terminated her employment. 931 F.2d at 770. Based on the alleged violations, the plaintiff filed an action against the City of Orlando and multiple municipal officials. The officials were sued in their official capacities. *Id*. The trial court dismissed the plaintiff's claims against the officials, finding that official-capacity claims were identical to the claims against the city. *Id*. The plaintiff appealed.

On appeal, the 11th Circuit affirmed the district court, holding that "since suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent," there was no longer a need to bring official capacity actions against local government officials. *Id*. at 776. In its

reasoning, the Court noted that to keep both the city and the officials sued in their individual capacities in the action would have been *redundant*. *Id*. (emphasis added).

Like *Busby*, the Plaintiffs here assert claims against Mrs. Williams in her official capacity. *See* (Doc. 1, ¶8). Specifically, the Plaintiffs' complaint states that "at all times relevant, [Mrs.] Williams acted as the *official* policymaker for Defendant City of Birmingham regarding the neighborhood association elections." *Id.* (emphasis added). Further, all alleged facts within the Complaint regarding Mrs. Williams relates to her role as the Deputy Director of Community Services for the City of Birmingham, with no facts pointing to any individual liability. (Doc. 1). As such, the Plaintiffs' federal claims are due to be dismissed because an official-capacity suit is to be treated as a suit against the entity, not the official personally. *Kentucky v. Graham*, 473 U.S. at 166. Moreover, since the Plaintiffs have already named the City, any federal claims against Mrs. Williams in her official capacity are due to be dismissed as duplicative and redundant.

### C. State Law Defamation Claim

The Plaintiffs' Complaint also asserts a state-law defamation claim against Mrs. Williams. (Doc. 1, pg. 31). However, with the dismissal of all federal claims against Mrs. Williams, this Honorable Court should not exercise supplemental jurisdiction over the remaining state-law claim. "Although the district court has discretion, concerns of federalism—namely, of federal courts of limited jurisdiction weighing

in on state law—counsel in favor of dismissing state-law claims after the federal claims are dismissed." *Silas v. Sheriff of Broward County, Florida*, 55 F.4th 863, 866 (11th Cir. 2022). The 11 Circuit has encouraged district courts to dismiss any remaining state claims when the federal claims have been dismissed prior to trial. *Id.* Further, the Court stated that "the Supreme Court put a thumb on the scale," when it held that "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise [pendent] jurisdiction…" *Id.* at 866. Therefore, a district court will rarely err by declining supplemental jurisdiction after the federal claims that supported its jurisdiction are dismissed. *Id*.

**WHEREFORE PREMISES CONSIDERED**, Mrs. Williams respectfully requests that this Honorable Court enter an order dismissing this action against her pursuant to Federal Rules of Civil Procedure Rule 12(b)(6). Additionally, Mrs. Williams seeks any further relief to which she is entitled.

    Respectfully submitted,

    */s/Joseph R. Abrams*
    Joseph R. Abrams
    Chief Assistant City Attorney

    */s/Fredric L. Fullerton, II*
    Fredric L. Fullerton, II
    Assistant City Attorney

    */s/Samantha A. Chandler*

                              Samantha A. Chandler
                              Assistant City Attorney

                              */s/Beverly B. Scruggs*
                              Beverly B. Scruggs
                              Assistant City Attorney

City of Birmingham
City Attorney's Office - Litigation Division
600 City Hall
710 North 20th Street
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2502 FAX

## **CERTIFICATE OF SERVICE**

      I hereby certify that a copy of the foregoing *Motion to Dismiss* has been served on the following parties and/or counsel of record by electronic filing on this the 11th day of December 2023.

Mr. Richard Rice, Esq.
The Rice Firm LLC
N. 420 20th Street, Ste. #2200
Birmingham, Alabama 35203
rrice@rice-lawfirm.com

                              */s/ Joseph R. Abrams*
                              Of Counsel