FILED
2025 Mar-31  PM 06:14
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

|  |  |  |
|---|---|---|
| **CAMILLA THOMPSON, *et al.*,** | } | |
| | } | |
| **Plaintiffs,** | } | |
| | } | |
| **v.** | } | |
| | } | **Case No.:  2:23-cv-01294-MHH** |
| **ALICE WILLIAMS, *et al.*,** | } | |
| | } | |
| **Defendants.** | } | |

## <u>MEMORANDUM OPINON AND ORDER</u>

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, defendants Alice Williams and the City of Birmingham have moved to dismiss the claims plaintiffs Camilla Thompson, Rob Burton, and Alice Speake assert against them under 42 U.S.C. § 1983 and Alabama state law.  (Docs. 23, 25).  To resolve these motions, the Court first states the standard for motions to dismiss.  Applying this standard, the Court then describes the plaintiffs' allegations and examines those allegations under applicable law to determine whether the plaintiffs may pursue their claims in this action.

### I.

Under Rule 12(b)(6), a court may dismiss a claim for "failure to state a claim upon which relief can be granted."  In deciding a Rule 12(b)(6) motion, a district

court must view the allegations in the complaint in the light most favorable to the plaintiff. *See Brophy v. Jiangbo Pharms., Inc.*, 781 F.3d 1296, 1301 (11th Cir. 2015). Detailed factual allegations are not required. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing FED. R. CIV. P. 8).

## II.

This action concerns the 2022 officer elections for the Glen Iris Neighborhood Association. The Association is one of 99 neighborhood associations in the City of Birmingham that participate in the City's Citizen Participation Plan. The City of Birmingham instituted the Plan to increase civic engagement and facilitate communication. (Doc. 1, p. 2, ¶ 3). The Citizens Advisory Board is the senior body under the Plan. (Doc. 1, p. 2, ¶ 3). A federal community development block grant funds the Plan, and the City's Community Resources Division manages the Plan. (Doc. 1, p. 2). Birmingham Mayor Randall Woodfin appointed Alice Williams to serve as the deputy director of the Community Resources Division. (Doc. 1, p. 3, ¶ 8). In this role, Ms. Williams oversees neighborhood elections. (Doc. 1, p. 3).

Elected neighborhood officers represent each neighborhood that participates in the Plan. (Doc. 1, p. 2, ¶ 2). On August 12, 2022, Ms. Williams emailed the 2021–2022 neighborhood officers with information about the 2022 neighborhood officer elections. (Doc. 1, pp. 7–8, ¶ 26). The message included a timeline, absentee ballot procedures, and a candidacy form. (Doc. 1, pp. 7–8, ¶ 26). With respect to

the timelines, the message stated that official ballots would be completed and published on September 9, 2022, in advance of an October 18, 2022, election day. (Doc. 1, p. 8, ¶ 27).  The absentee ballot period was to run from September 26 to October 11, 2022.  (Doc. 1, p. 8, ¶ 27).

According to the 2022 candidacy form, candidates for a neighborhood officer position had to be 18 years old or older and a resident of the neighborhood since June 20, 2022.  (Doc. 1, p. 8, ¶ 29).  Candidates also had to have attended at least four neighborhood meetings in the twelve months preceding the September 6, 2022, candidacy deadline.  (Doc. 1, pp. 8–9, ¶ 29).  On the candidacy form, prospective candidates had to provide their name, phone number, address, zip code, neighborhood of residence, and a dated signature, and they had to indicate the office for which they hoped to run.  (Doc. 1, p. 9, ¶ 30).  By close of business on September 6, 2022, five residents had submitted candidacy forms for Glen Iris Neighborhood Association officer positions: (1) Rob Burton; (2) Scott Capps; (3) Camilla Thompson; (4) Doug Edmonson; and (5) Alice Speake.  (Doc. 1, p. 9, ¶ 31).  Mr. Burton, Ms. Thompson, and Ms. Speake ran as a "slate."  (Doc. 1, p. 9, ¶ 32).

On September 16, 2022, the Community Resources Division informed Ms. Speake by email that she did not qualify to run for a neighborhood officer position. (Doc. 1, p. 10, ¶ 35).  The same day, Ms. Williams called Mr. Burton to explain that Ms. Speake was disqualified because she had not attended the required number of

neighborhood meetings in the 12 months preceding the deadline for candidate applications. (Doc. 1, p. 10, ¶ 35). After the call, Mr. Burton sent Ms. Williams, via email, attendance sheets that confirmed that Ms. Speake had attended at least four meetings. (Doc. 1, p. 10, ¶ 35). Ms. Speake also emailed Ms. Williams to confirm that information. (Doc. 1, p. 10, ¶ 35). Following this exchange, the Community Resources Division determined that all five candidates were qualified to run and listed the five candidates on the Glen Iris election ballot. (Doc. 1, p. 10, ¶ 36).

Neighborhood officer elections took place across Birmingham on October 18, 2022. (Doc. 1, p. 11, ¶ 39). The unofficial election results for the Glen Iris Neighborhood Association indicated that Mr. Burton was elected president, Ms. Thompson was elected vice president, and Ms. Speake was elected secretary. (Doc. 1, p. 11, ¶ 41). The election results were not contested. (Doc. 1, p. 12, ¶ 43). The Community Resources Division submitted the results to the City Council for certification, but the certification document contained errors. (Doc. 1, p. 12–13, ¶ 44). For example, the document indicated that Mr. Edmonson, not Ms. Thompson, was elected as the vice president of the Glen Iris Neighborhood Association. (Doc. 1, p. 13, ¶ 45). On January 17, 2023, the City Council passed an ordinance certifying the erroneous election results. (Doc. 1, p. 13, ¶ 45). Consequently, the City Council certified Mr. Edmonson as vice president of the Glen Iris Neighborhood Association. (Doc. 1, p. 13, ¶ 45).

Mr. Burton, Ms. Thompson, and Ms. Speake tried to correct the error.  (Doc. 1, p. 15, ¶ 54).  On January 27, 2023, Ms. Williams called Mr. Burton to confirm that Ms. Thompson had won the election for vice president.  (Doc. 1, pp. 15–16, ¶ 56).  Mr. Burton and Ms. Thompson attended the officer swearing-in ceremony.  (Doc. 1, p. 16, ¶ 60).  Ms. Thompson attempted to sign in as the Association vice president, but members of the Community Resources Division staff prevented her from doing so.  (Doc. 1, pp. 16–17, ¶ 62).  Mr. Burton and Ms. Thompson asked to speak with Ms. Williams.  (Doc. 1, p. 17, ¶ 62).  Ms. Williams stated that Ms. Thompson had been disqualified, but she did not provide a reason for the disqualification.  (Doc. 1, p. 17, ¶ 63).  At a February 6, 2023, Association meeting, Ms. Williams reported that Ms. Thompson was disqualified because she did not submit identification, and Ms. Williams indicated that the Community Resources Division planned to audit the 2022 Glen Iris Neighborhood Association election.  (Doc. 1, pp. 17–18, ¶ 65).

At a March Association meeting, a representative of the Community Resources Division reported that the audit indicated that Mr. Burton, Ms. Thompson, and Ms. Speake had won their elections, (Doc. 1, pp. 18–19, ¶ 69), but the Community Resources Division disqualified Ms. Thompson retroactively because she "did not submit an ID."  (Doc. 1, p. 19, ¶ 69).  Later, during an April 2023 meeting of the Community Advisory Board, Ms. Williams suggested that Ms.

Thompson did not live in the Glen Iris neighborhood. (Doc. 1, p. 21, ¶ 77). At a May 2023 Glen Iris Neighborhood Association meeting, Community Advisory Board Vice President William Harden indicated that Ms. Thompson was disqualified because she did not live in the Glen Iris neighborhood. (Doc. 1, p. 25, ¶ 90). Mr. Harden stated that the Citizens Advisory Board would consider removing Mr. Burton and Ms. Speake from office if they did not recognize Mr. Edmonson as vice president. (Doc. 1, p. 25, ¶ 89). Community Advisory Board President Jimmie Coleman made a similar remark to Ms. Speake. (Doc. 1, pp. 24–25, ¶¶ 88). Mr. Harden later reiterated his threat to remove Mr. Burton and Ms. Speake from their offices if they refused to recognize Mr. Thompson as Vice-President of the Glen Iris Neighborhood Association. (Doc. 1, p. 29, ¶ 101).

On September 28, 2023, Mr. Burton, Ms. Thompson, and Ms. Speake sued the City of Birmingham, Ms. Williams, Mr. Coleman, and Mr. Harden. (Doc. 1). The plaintiffs assert claims under 42 U.S.C. §1983 for alleged violations of their right to procedural due process and equal protection under the Fourteenth Amendment. (Doc. 1, pp. 29-31). Ms. Thompson and Mr. Burton assert a defamation claim against Ms. Williams, Mr. Harden, and Mr. Coleman under Alabama law. (Doc. 1, pp. 31-32). The plaintiffs seek declaratory and injunctive relief for their § 1983 claims. (Doc. 1, p. 32). The plaintiffs also seek "[m]onetary

damages to compensate [them] for the troubles and suffering incurred as a result of the false accusations lodged against them." (Doc. 1, p. 32).

As noted, Ms. Williams and the City of Birmingham have asked the Court to dismiss the plaintiffs' claims. (Docs. 23, 25). The Court addresses Ms. Williams's motion first and the City's motion second.

III.

A.

Ms. Williams asserts that the federal claims against her are official capacity claims that duplicate the plaintiffs' claims against the City of Birmingham. (Doc. 23, pp. 3-4). In their complaint, the plaintiffs have not stated whether they assert their § 1983 claims against Ms. Williams in her official capacity or in her individual capacity. The plaintiffs state only that Ms. Williams "[a]t all times relevant, [] acted as the official policymaker" for the City of Birmingham regarding neighborhood association elections. (Doc. 1, p. 4).

"[W]hen an officer is sued under Section 1983 in his or her official capacity, the suit is simply 'another way of pleading an action against an entity of which an officer is an agent.'" *Busby v. City of Orlando*, 931 F.2d 764, 776 (11th Cir. 1991) (quoting *Kentucky v. Graham*, 473 U.S. 159, 165 (1985)). "A municipality can be sued directly under § 1983 when one of its customs, practices, or policies causes a constitutional injury." *Barnett v. MacArthur*, 956 F.3d 1291, 1296 (11th Cir. 2020)

(citing *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 690 (1978)). "Because suits against a municipal officer sued in his official capacity and direct suits against municipalities are functionally equivalent, there no longer exists a need to bring official-capacity actions against local government officials, because local government units can be sued directly." *Busby*, 931 F.2d at 776; *see Abusaid v. Hillsborough Cnty. Bd. of Cnty. Com'rs*, 405 F.3d 1298, 1302 n.3 (11th Cir. 2005) (stating that when an officer is sued in his official capacity, the officer's employer is the proper party to the action).

Because a § 1983 official capacity claim against Ms. Williams effectively is a claim against the City of Birmingham and because the plaintiffs have sued the City of Birmingham, the plaintiffs' official capacity claims against Ms. Williams are redundant. Therefore, the Court dismisses the plaintiffs' § 1983 claims against Ms. Williams in her official capacity.

The Eleventh Circuit has "stress[ed] as much as [it] can that the difference between an official capacity suit and an individual capacity suit is a big difference[,]" and plaintiffs must provide adequate notice to defendants that the plaintiffs are pursuing individual capacity claims. *Colvin v. McDougall,* 62 F.3d 1316, 1318 (11th Cir. 1995). This is so because unlike official capacity suits, a suit against a municipal official in her individual capacity "seek[s] to impose personal liability

upon [the] government official for actions he [or she] takes under color of state law."
*Kentucky*, 473 U.S. at 165.

With respect to their § 1983 claims under the Fourteenth Amendment, the relief the plaintiffs seek signals that they assert their claims against Ms. Williams in her official capacity. The plaintiffs seek declaratory and injunctive relief in the form of requiring the defendants to recognize the plaintiffs as the winners of the 2022 Glen Iris Neighborhood Election, requiring the defendants to verify the corrected election result with the Birmingham City Council, and preventing the defendants from removing Mr. Burton and Ms. Speake from their elected positions within the Glen Iris Neighborhood Association and any other offices they hold currently or may hold in the future within Birmingham's CAC or CAB without cause. (Doc. 1, p. 32). Ms. Williams can provide that relief only in her official capacity because all the requested relief requires that Ms. Williams first have the authority as a City Official to perform such actions on behalf of the City. Because the plaintiffs have not provided notice that they seek relief from Ms. Williams in her individual capacity with respect to their § 1983 claims, the Court dismisses the § 1983 claims to the extent that the plaintiffs attempt to assert those claims against Ms. Williams in her individual capacity.

In contrast, Ms. Thompson and Mr. Burton seek damages from Ms. Williams under their defamation claim against her. (Doc. 1, pp. 31–33). This appears to be

an individual capacity claim. Ms. Thompson and Mr. Burton may pursue their defamation claim against Ms. Williams in her individual capacity.

Ms. Williams asks the Court to decline to exercise supplemental jurisdiction over this state-law claim, presumably pursuant to 28 U.S.C. § 1367(c)(3). (Doc. 23, p. 4). The request is premature because a district court may decline to exercise supplemental jurisdiction over a state law claim under § 1367(c)(3) only after the court "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Because the Court has not dismissed all of the federal law claims in this action, the Court may not decline to exercise supplemental jurisdiction over the state-law defamation claim under § 1367(c)(3).[1]

## B.

The City argues that Mr. Burton and Ms. Speake lack standing to pursue the procedural due process claims in their complaint. Ms. Thompson, Mr. Burton, and Ms. Speake jointly assert their due process claim against all defendants. The claim has two parts, one concerning Ms. Thompson's disqualification from the Glen Iris Neighborhood Association election, (Doc. 1, p. 30, ¶ 104), and the other concerning alleged threats to remove Mr. Burton and Ms. Speake "from their GINA elected

---

[1] In its motion to dismiss, the City of Birmingham also asks the Court to decline to exercise supplemental jurisdiction over the state-law defamation claim in the complaint. (Doc. 25, p. 7). The argument fails for the same reason.

positions, a censure the Defendants have no legal method to enact," (Doc. 1, p. 30, ¶ 105).

"The standing inquiry requires careful judicial examination of a complaint's allegations to ascertain whether the particular plaintiff is entitled to an adjudication of the particular claims asserted." *Elend v. Basham*, 471 F.3d 1199, 1205 (11th Cir. 2006) (quotation omitted). Plaintiffs have standing if they have suffered an injury that is concrete, particularized, and imminent; a "causal connection between the injury and conduct complained of" exists; and the injury is redressable in court. *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560–61 (1992).

Pursuant to § 1983, Mr. Burton and Ms. Speake assert their due process claim under the Fourteenth Amendment. The Fourteenth Amendment provides that "[n]o state shall . . . deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV. A plaintiff asserting a procedural due process claim must establish: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003).

In its motion to dismiss, the City argues that Mr. Burton and Ms. Speake have not been deprived of a constitutionally protected liberty or property interest because they won their electoral races, and they have maintained their positions in the Glen Iris Neighborhood Association. (Doc. 25, p. 6). More recently, the City has filed

an affidavit in which a City representative reports that Ms. Speake resigned from her position as Secretary of the Glen Iris Neighborhood Association effective October 18, 2024. (Doc. 38-1, p. 2). The resignation moots Ms. Speake's due process claim because any impending threat of removal no longer exists. *See Clapper v. Amnesty Int'l USA*, 568 U.S. 398, 409 (2013). Therefore, the Court considers the City's standing argument only with respect to Mr. Burton.

The Supreme Court has explained that "the 'injury in fact' test requires more than an injury to a cognizable interest. It requires that the party seeking review be himself among the injured." *Sierra Club v. Morton*, 405 U.S. 727, 734–35 (1972). Though Mr. Burton alleges that members of the Community Advisory Board threatened to remove him from office if he did not recognize Mr. Edmondson as Vice President of the Glen Iris Neighborhood Association, Mr. Burton does not allege that anyone has taken concrete steps to remove him from the office to which he was elected. A "'threatened injury must be *certainly impending* to constitute injury in fact.'" *Clapper*, 568 U.S. at 409 (quoting *Whitmore v. Arkansas*, 495 U.S. 149, 158 (1990)) (emphasis in *Clapper*). "[A]llegations of *possible* future injury are not sufficient." *Clapper*, 568 U.S. at 409 (quotations omitted) (emphasis in *Clapper*).

Because Mr. Burton has not alleged that his removal from office is certainly impending, he has not identified a cognizable injury. As a result, he lacks standing

to assert a procedural due process claim. *See Grayden*, 345 F.3d at 1232. Accordingly, the Court grants the City's motion to dismiss Mr. Burton's due process claim. The Court dismisses Ms. Speake's due process claim as moot.

ii.

Ms. Thompson asserts a Fourteenth Amendment equal protection claim against the defendants. She asserts that by requiring her to show a specific form of identification to qualify for the Glen Iris Neighborhood Association election, the defendants held her to "standards to which no other candidate for neighborhood office was held." (Doc. 1, p. 30, ¶ 108). Ms. Thompson's equal protection claim is a "class of one" claim. With a "class of one" claim, "a plaintiff alleges not that it belongs to a protected class, but that it is the only entity being treated differently from all other similarly situated entities." *Chabad Chayil, Inc. v. Sch. Bd. of Miami-Dade Cnty.*, 48 F.4th 1222, 1233 (11th Cir. 2022). To prevail on a class of one claim, Ms. Thompson must show that she was intentionally treated differently from others similarly situated and that there was no rational basis for this difference in treatment. *Chabad Chayil, Inc.*, 48 F.4th at 1233. The comparators "must be *prima facie identical in all relevant respects*." *Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1204 (11th Cir. 2007) (quotations omitted) (emphasis in original).

The City argues that Ms. Thompson has not identified similarly situated comparators, (Doc. 25, p. 6), but Ms. Thompson alleges that the defendants required

13

her to show a specific form of identification and that in asking her to do so, she was held to a different standard than all other GINA candidates and all other candidates in the 2022 Neighborhood Officer Election. (*See*, *e.g.,* Doc. 1, pp. 21–22, ¶ 79). Ms. Thompson also alleges that Ms. Speake was given an opportunity to address a concern about her qualifications, but she (Ms. Thompson) did not receive the same treatment. (Doc. 1, p. 22, ¶ 80–81).

At this stage of the proceedings, these allegations suffice to satisfy Ms. Thompson's obligation to identify comparators. *See Vill. of Willowbrook v. Olech*, 528 U.S. 562, 565 (2000) (holding that the plaintiff's allegations that the defendant demanded a 33-foot easement as a condition of her property and required only a 15-foot easement from other similarly situated property owners amounted to a sufficient equal protection claim). Accordingly, the Court denies the City's motion to dismiss Ms. Thompson's equal protection claim.

IV.

For the reasons discussed above, the Court:

1.  dismisses the plaintiffs' § 1983 claims against Ms. Williams;

2.  denies Ms. Williams's and the City's requests that the Court elect to not exercise supplemental jurisdiction over the plaintiffs' state-law defamation claim;

3. dismisses Mr. Burton's procedural due process claim against the City for lack of standing and dismisses Ms. Speake's procedural due process claim against the City as moot; and

4. denies the City of Birmingham's motion to dismiss Ms. Thompson's equal protection claim.

The Clerk shall please term Docs. 23 and 25. In addition, because Ms. Speake joined only in the due process claim in the complaint, the Clerk shall please TERM Ms. Speake as a party to this litigation. The Clerk shall please TERM Doc. 38 as moot.


**DONE** and **ORDERED** this March 31, 2025.

_Madeline H. Haikala_
**MADELINE HUGHES HAIKALA**
UNITED STATES DISTRICT JUDGE