FILED
2025 Apr-14 PM 10:09
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| CAMILLA THOMPSON, ROB BURTON, & ALICE SPEAKE, | } | |
| | } | |
| **Plaintiffs,** | } | CASE NO. |
| vs. | } | **2:23-cv-01294-MHH** |
| | } | |
| CITY OF BIRMINGHAM, ALICE WILLIAMS, JIMMIE COLEMAN, & WILLIAM HARDEN, | } | |
| | } | |
| **Defendants.** | } | |

## THE CITY OF BIRMINGHAM AND ALICE WILLIAMS' ANSWER

**COME NOWS** the Defendants, the City of Birmingham, a municipal corporation existing under the laws of the State of Alabama; and Alice Williams (collectively "Defendants") by and through their attorneys of record. In answer of the Complaint, the Defendants state the following:

## INTRODUCTION:

1. Defendants deny the averments in paragraph 1 of Plaintiffs' Complaint and demands strict proof thereof.

2. Defendants deny the averments in paragraph 2 of Plaintiffs' Complaint and demands strict proof thereof.

3. Admit.

1

4. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 4 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

## **JURISDICATION AND VENUE:**

5. Defendants deny the averments in paragraph 5 of Plaintiffs' Complaint and demands strict proof thereof.

6. Defendants deny the averments in paragraph 6 of Plaintiffs' Complaint and demands strict proof thereof.

## **PARTIES:**

7. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 7 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

8. Defendants admit that Alice Williams is a deputy director in the Community Development Department for the City of Birmingham.  The Defendants admit that Mrs. Williams is over the age of 19 and a resident of Jefferson County. The Defendants deny the remainder of paragraph 8 and demand strict proof.

9. Defendants deny the averments in paragraph number 9 of Plaintiffs' Complaint and demands strict proof thereof.

10. Admit.

11. Admit.

12. Paragraph number 12 contains no allegations requiring a response from these Defendants; however, to the extent the allegations of paragraph 12 can be construed to require admission or denial by the Defendants, such allegations are denied.

## **FACTS:**

13. Defendants assert that paragraph 13 purports to reference excerpts of the Code of Federal Regulations.  Defendants assert that these excerpts lack context, completeness, and seek a legal conclusion.  Accordingly, Defendants deny the averments in paragraph 13 of Plaintiff's Complaint and demands strict proof thereof.

14. Defendants assert that paragraph 14 purports to reference excerpts of the Code of Federal Regulations.  Defendants assert that these excerpts lack context, completeness, and seek a legal conclusion.  Accordingly, Defendants deny the averments in paragraph 14 of Plaintiff's Complaint and demands strict proof thereof.

15. Defendants assert that paragraph 15 purports to reference excerpts of the Code of Federal Regulations.  Defendants assert that these excerpts lack context, completeness, and seek a legal conclusion.  Accordingly, Defendants deny the

averments in paragraph 15 of Plaintiff's Complaint and demands strict proof thereof.

16. Defendants assert that paragraph 16 purports to reference excerpts of the Code of Federal Regulations. Defendants assert that these excerpts lack context, completeness, and seek a legal conclusion. Accordingly, Defendants deny the averments in paragraph 16 of Plaintiff's Complaint and demands strict proof thereof.

17. Defendants deny the averments in paragraph 17 of Plaintiffs' Complaint and demands strict proof thereof.

18. Defendants deny the averments in paragraph 18 of Plaintiffs' Complaint and demands strict proof thereof.

19. Defendants deny the averments in paragraph 19 of Plaintiffs' Complaint and demands strict proof thereof.

20. Defendants deny the averments in paragraph 20 of Plaintiffs' Complaint and demands strict proof thereof.

21. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 21 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

22. Admit.

23. Defendants are without sufficient knowledge or information at this time to

either admit or deny the allegations in paragraph 23 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

24. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 24 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

25. Defendants admit that Ms. Williams was appointed to serve as Deputy Director of Community Resource Services on or about January 7, 2019. The Defendants deny the remainder of this paragraph.

26. Defendants deny the averments in paragraph 26 of Plaintiffs' Complaint and demands strict proof thereof.

27. Defendants deny the averments in paragraph 27 of Plaintiffs' Complaint and demands strict proof thereof.

28. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 28 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

29. Defendants deny the averments in paragraph 29 of Plaintiffs' Complaint and demands strict proof thereof.

30. Defendants deny the averments in paragraph 30 of Plaintiffs' Complaint and demands strict proof thereof.

31. Defendants are without sufficient knowledge or information at this time to

either admit or deny the allegations in paragraph 31 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

32. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 32 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

33. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 33 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

34. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 34 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

35. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 35 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

36. Defendants deny the averments in paragraph 36 of Plaintiffs' Complaint and demands strict proof thereof.

37. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 37 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

38. Defendants deny the averments in paragraph 38 of Plaintiffs' Complaint and

demands strict proof thereof.

39. Defendants admit that the Neighborhood Election was held on or about October 21, 2022.

40. Defendants deny the averments in paragraph 40 of Plaintiffs' Complaint and demands strict proof thereof.

41. Defendants deny the averments in paragraph 41 of Plaintiffs' Complaint and demands strict proof thereof.

42. Defendants deny the averments in paragraph 42 of Plaintiffs' Complaint and demands strict proof thereof.

43. Admit.

44. Defendants deny the averments in paragraph 44 of Plaintiffs' Complaint and demands strict proof thereof.

45. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 45 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

46. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 46 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

47. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 47 of Plaintiffs' complaint

and therefore deny those allegations and demands strict proof thereof.

48. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 48 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

49. Defendants deny the averments in paragraph 49 of Plaintiffs' Complaint and demands strict proof thereof.

50. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 50 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

51. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 51 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

52. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 52 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

53. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 53 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

54. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 54 of Plaintiffs' complaint

and therefore deny those allegations and demands strict proof thereof.

55. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 55 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

56. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 56 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

57. Defendants deny the averments in paragraph 57 of Plaintiffs' Complaint and demands strict proof thereof.

58. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 58 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

59. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 59 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

60. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 60 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

61. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 61 of Plaintiffs' complaint

and therefore deny those allegations and demands strict proof thereof.

62. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 62 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

63. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 63 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

64. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 64 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

65. Defendants deny the averments in paragraph 65 of Plaintiffs' Complaint and demands strict proof thereof.

66. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 66 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

67. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 67 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

68. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 68 of Plaintiffs' complaint

and therefore deny those allegations and demands strict proof thereof.

69. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 69 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

70. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 70 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

71. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 71 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

72. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 72 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

73. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 73 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

74. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 74 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

75. Defendants are without sufficient knowledge or information at this time to

either admit or deny the allegations in paragraph 75 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

76. Defendants deny the averments in paragraph 76 of Plaintiffs' Complaint and demands strict proof thereof.

77. Defendants deny the averments in paragraph 77 of Plaintiffs' Complaint and demands strict proof thereof.

78. Defendants deny the averments in paragraph 78 of Plaintiffs' Complaint and demands strict proof thereof.

79. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 79 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

80. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 80 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

81. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 81 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

82. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 82 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

83. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 83 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

84. Defendants deny the averments in paragraph 84 of Plaintiffs' Complaint and demands strict proof thereof.

85. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 85 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

86. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 86 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

87. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 87 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

88. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 88 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

89. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 89 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

90. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 90 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

91. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 91 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

92. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 92 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

93. Defendants deny the averments in paragraph 93 of Plaintiffs' Complaint and demands strict proof thereof.

94. Defendants deny the averments in paragraph 94 of Plaintiffs' Complaint and demands strict proof thereof.

95. Defendants deny the averments in paragraph 95 of Plaintiffs' Complaint and demands strict proof thereof.

96. Defendants deny the averments in paragraph 96 of Plaintiffs' Complaint and demands strict proof thereof.

97. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 97 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

98. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 98 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

99. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 99 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

100. Defendants are without sufficient knowledge or information at this time to either admit or deny the allegations in paragraph 100 of Plaintiffs' complaint and therefore deny those allegations and demands strict proof thereof.

101. Defendants deny the averments in paragraph 101 of Plaintiffs' Complaint and demands strict proof thereof.

102. Defendants deny the averments in paragraph 102 of Plaintiffs' Complaint and demands strict proof thereof.

103. Defendants deny the averments in paragraph 102 of Plaintiffs' Complaint and demands strict proof thereof.

**FIRST CLAIM**
**SECTION 1983 DUE PROCESS**

103. Defendants repeat, re-allege and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 102 of the complaint, in response to paragraph 103, as if fully set forth herein.

104.    Defendants deny the averments in paragraph 104 of Plaintiffs' Complaint and demands strict proof thereof.

105.    Defendants deny the averments in paragraph 105 of Plaintiffs' Complaint and demands strict proof thereof.

106.    Defendants deny the averments in paragraph 106 of Plaintiffs' Complaint and demands strict proof thereof.

## SECOND CLAIM
## SECTION 1983 EQUAL PROTECTION

107.    Defendants repeat, re-allege and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 106 of the complaint, in response to paragraph 107, as if fully set forth herein.

108.    Defendants deny the averments in paragraph 108 of Plaintiffs' Complaint and demands strict proof thereof.

109.    Defendants deny the averments in paragraph 109 of Plaintiffs' Complaint and demands strict proof thereof.

110.    Defendants deny the averments in paragraph 110 of Plaintiffs' Complaint and demands strict proof thereof.

## THIRD CLAIM
## DEFAMATION STATE LAW

111.    Defendants repeat, re-allege and incorporate by reference each and every response to the allegations contained in Paragraphs 1 through 110 of the complaint, in response to paragraph 111, as if fully set forth herein.

112.    Defendants deny the averments in paragraph 112 of Plaintiffs' Complaint and demands strict proof thereof.

113.    Defendants deny the averments in paragraph 113 of Plaintiffs' Complaint and demands strict proof thereof.

114.    Defendants deny the averments in paragraph 114 of Plaintiffs' Complaint and demands strict proof thereof.

115.    Defendants deny the averments in paragraph 115 of Plaintiffs' Complaint and demands strict proof thereof.

116.    Defendants deny the averments in paragraph 116 of Plaintiffs' Complaint and demands strict proof thereof.

## **PRAYER FOR RELIEF**

Defendants deny the allegations contained in Plaintiffs' prayer for relief following Paragraph 116, including Paragraphs "1" through "6," and deny that Plaintiffs are entitled to any of the relief sought in this action. Defendants deny all allegations in the Complaint that are not expressly admitted herein.

## **AFFIRMATIVE DEFENSES OF DEFENDANTS**

1. The Complaint fails to state a claim against the Defendants for which the Plaintiffs are entitled to relief.

2. Defendants deny each and every material allegation of the Complaint and demands strict proof thereof.

3. Defendants plead not guilty/liable as to all material issues raised in the Complaint and contests all damages demanded by the Plaintiffs.

4. Defendants assert the defense of good faith.

5. Defendants assert the defense of unclean hands.

6. Defendants plead the defense of assumption of risk.

7. Defendants deny that the Plaintiffs were injured in the nature or to the extent claimed and contests damages.

8. Defendants deny that the Plaintiffs are due compensatory, actual or punitive damages or costs of any type.

9. Defendants deny Plaintiff are entitled to any damages, cost, or attorney's fees or any other relief.

10. Defendants deny that the plaintiffs suffered damages as alleged in the Complaint and that if said damages were in fact sustained, they were caused by parties other than the City or its officers, agents or employees.

11. Defendants assert the defense of immunity, whether qualified, absolute, discretionary, functional, governmental, good faith or substantive as a complete bar to this action.

12. Defendants assert the defense of qualified immunity.

13. Defendants assert the defense of discretionary immunity.

14. Defendants assert the defense of State-agent immunity.

15. Defendants deny that they were deliberately indifferent to Plaintiffs.

16. Defendants assert the defenses of issue and claim preclusion, collateral estoppel and res judicata.

17. Defendants assert the defense of laches.

18. Defendants assert truth, qualified privilege, opinion, fair comment and criticism.

19. Any injury or damage suffered by the Plaintiffs were a result of her own willful, wanton, illegal or negligent conduct and they are therefore not entitled to recover even if the Defendants were negligent.

20. The Complaint fails to state a claim upon which relief may be granted under 42 U.S.C. §§1983, 4th, 8th and 14th Amendments.

21. City specifically denies that it violated the Plaintiffs' constitutional due process rights, equal protection rights or any of the Plaintiffs' rights under the 42 U.S.C. §§1983, 4th, 8th and 14th Amendments of the U.S. Constitution.

22. The City has no liability for any claims in the complaint purportedly made under 42 U.S.C. §1983 as none of the alleged violations, deprivations, or unlawful acts were made pursuant to an unconstitutional or unlawful policy, custom or practice.  The City may not be liable under 42 U.S.C. §1983 due solely to respondent superior.  *Monell v. Department of Social Services*, 436 U.S. 658 (1978); *City of St. Louis v. Praprotnic,* 485 U.S. 112; 108 s. Ct. 915 (1988); *Harlow v. Fitzgerald,* 102 S.Ct. 2727 (1982); *Mitchell v. Forsyth,* 105 S. Ct. 2806 (1985); *Nolin v. Isbell*, 207 F.3d 1253 (11th Cir. 2000); *Post v. City of Fort Lauderdale,* 7 F.3d 1552 (11th Cir.1993); *Rich v. Dollar,* 841 F.2d 1558 (1988), *et. al.*

23. The City denies that it followed or created a policy, custom or practice sufficient to impose municipal liability by ratifying or adopting any unlawful or unconstitutional act or by any other act or omission as alleged by the plaintiffs in the Complaint.

24. Plaintiffs' complaint fails to identify any constitutional or federally protected rights that were purportedly violated.

25. The City's conduct does not clearly establish a violation of plaintiffs' constitutional or statutorily protected federal rights secured under the United States Constitution or by existing interpretive case law of the Eleventh United States Federal Circuit or the United States Supreme Court.

26. The City denies that Plaintiffs' constitutional or federally protected rights were violated, abridged or denied to any extent by the actions alleged in the Complaint.

27. Plaintiffs' complaint fails demonstrate that they were intentionally treated differently from others who were "similarly situated" and that there is no rational basis for the difference in treatment.

28. Under the law of the State of Alabama the City of Birmingham, as a duly incorporated municipal corporation, is immune from the imposition of damages for injury done or wrongs suffered unless the injury or wrong was done or suffered through the neglect, carelessness, or unskillfulness of some agent, officer or employee of the municipality. §11-47-190 *Code of Alabama* 1975.

29. The City of Birmingham is not liable under the law of the State of Alabama for the intentional, wanton, or reckless acts of its employees, agents or servants. *Hilliard v. City of Huntsville*, 585 So. 889 (Ala. 1991); §11-47-190 *Code of Alabama* 1975.

30. The City denies that it or any of its agents, officers or employees failed to train its employees with regard to any duty owed to the plaintiff or any other similarly situated member of the public.

31. The City denies that its agents, officers, or employees were negligent, careless, reckless, inexperienced, incompetent, heedless or unskillful.

32. The City denies that it or any of its agents, officers, or employees were negligent in hiring, discipline, investigation, training, supervision and other decisions of its employees with regard to any duty owed to the plaintiff or any other similarly situated member of the public, nor may such be inferred from the facts listed therein.

33. The City pleads the affirmative defense of limitation of damages in an amount not exceeding $100,000 on any claims arising under state law. *Ala. Code* §11-47-190 and §11-93-1, et seq. as amended.

34. Defendants assert that Plaintiffs' Complaint fails to join an indispensable party.

35. To the extent that Plaintiff's complaint raises a claim for punitive damages, Defendant pleads that such damages are barred against the City by the provisions of *Ala. Code* §6-11-20, 1975, and *Ala. Code* §6-11-26, 1975, et seq., *City of Newport v. Facts Concerts*, 453 U.S. 247, 101 S. Ct. 2748 (1981).

36. Defendants assert the defense of discretionary function immunity as provided in *Ex Parte City of Birmingham*, 624 So.2d 1018 (Ala. 1993) and *Ex Parte Cranman,* 792 So.2d 392 (Ala. 2000).

37. The Defendants plead noncompliance with the notice and/or claim requirements of Code of Alabama § 11-47-23 and 11-47-192 (1975).

38. The Defendants plead that the Plaintiffs' claims are time barred, by the statute of limitations or the notice of claim limitations, including but not limited to § 11-47-23 Ala. Code (1975).

39. Any judgment against the Defendants in this action should be limited and/or the Defendants should receive a credit or setoff in the amount of any settlement or other monies paid by any other party, non-party, or other source to Plaintiffs in connection with their claims.

40. Defendants demand a trial by struck jury.

41. The Defendant reserves the right to amend this Answer and raise additional defenses which become known through the discovery process.

Respectfully submitted,

*/s/Joseph R. Abrams*
Joseph R. Abrams
Chief Assistant City Attorney

*/s/Fredric L. Fullerton, II*
Fredric L. Fullerton, II
Assistant City Attorney

*/s/Samantha A. Chandler*
Samantha A. Chandler
Assistant City Attorney

23

*/s/Beverly B. Scruggs*
Beverly B. Scruggs
Assistant City Attorney

City of Birmingham
City Attorney's Office - Litigation Division
600 City Hall
710 North 20th Street
Birmingham, Alabama 35203
(205) 254-2369/(205) 254-2502 FAX

## **CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing Pleading has been served on the following parties and/or counsel of record by electronic filing on this the 14th day of April 2025.

Mr. Richard Rice, Esq.
The Rice Firm LLC
N. 420 20th Street, Ste. 2200
Birmingham, Alabama 35203
rrice@rice-lawfirm.com

*/s/ Joseph R. Abrams*